UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No. 06-128M |
| ) | |
| v. ) | |
| ) | ORDER DENYING EXTENSION |
| TUAN DUNG TRAN, ) | OF TIME FOR INDICTMENT |
| ) | |
| Defendant. ) | |

On April 7, 2006, the defendant filed a Waiver of Right to a Speedy Indictment (Dkt. #14) for the period up to and including May 30, 2006. On May 1, 2006, defendant again filed a Waiver of Right to a Speedy Indictment (Dkt. #17) for the period up to and including June 30, 2006, and submitted a Motion to Extend Time for Indictment in support of this Waiver. No explanation was given as for the requested extension.

Congress "did not intend the 'ends of justice' exclusion to be granted as a matter of course but rather [intended it] to be used sparingly and only when necessary." *United States v. Lewis*, 980 F.2d 555, 560 (9th Cir. 1992) (internal citations omitted). Hence, an "ends of justice" exclusion may be granted only for a specific duration when "justified by the record with reference to the facts." *United States v. Ramirez-Cortez*, 213 F.3d 1149, 1154 (9th Cir. 1999) (internal citations and punctuation omitted). Generalized assertions that the "ends of justice" will be satisfied by the granting of a continuance are insufficient. *Id.* at 1154-55.

ORDER DENYING STIPULATED
MOTION TO EXTEND TIME
PAGE -1

Here, the defendant has provided no evidence, nor adduced any facts from the record sufficient to justify granting a continuance. An ongoing plea agreement negotiation is not a factor sufficient for this Court to find that granting a continuance will satisfy the "ends of justice." *Id.* at 1155-56 (citing *United States v. Perez-Reveles*, 715 F.2d 1348, 1352 (9th Cir. 1983)). Defendant's motion is therefore DENIED.

DATED this 15th day of May, 2006.

*[signature: James P. Donohue]*

JAMES P. DONOHUE
United States Magistrate Judge